IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROBERT BONDS (PEEPLES),

        Plaintiff,

vs.

        No. 04-2879-D/P

SHELBY COUNTY, et al.,

        Defendants.

---

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $150 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Robert E. Bonds (Peeples),[1] Tennessee Department of Correction prisoner number 166115, an inmate at the Shelby County Detention Center ("SCDC")[2] in Memphis, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 28, 2005, in connection with his previous confinement at the Shelby County Criminal Justice Complex ("Jail"), where his booking number was 03135616.[3] The

---

[1] The plaintiff's name on the complaint is listed as "Robert Bonds" and as "Robert Bonds (Peeples)," whereas his name on the *in forma pauperis* affidavit is listed as "Robert Peeples (Bonds)." Plaintiff has signed his complaint as "Robert Bonds" but filed his grievances under the name "Robert Peeples." As the plaintiff is apparently incarcerated under the name "Robert Peeples," the Court will use that name in this order.

[2] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[3] The Clerk is ORDERED to correct the docket to reflect the plaintiff's current address.

Clerk shall record the defendants as Correctional Medical Services, Inc. ("CMS"); Shelby County;[4] Shelby County Sheriff Mark H. Luttrell, Jr.; Health Care Administrator Tony Cooper; Dr. Stipanuk; and Nurse Samples.

I.   Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[5] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order the plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement

---

[4] The Court construes the plaintiff's allegations concerning the "Shelby County Sheriff's Department" as an attempt to assert a claim against Shelby County.

[5] Because this action was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

2

showing the above amounts. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The complaint alleges that, on or about September 1, 2004, the plaintiff had a boil in his groin. Because he was deemed to be

4

contagious, he was placed in isolation. Nurse Samples provided the plaintiff with medication to treat the boil. At the same time, plaintiff told the nurse that he was experiencing eye irritation and headaches which he believed could be related to high blood pressure. Defendant Samples took the plaintiff's blood pressure and stated that it was normal, but she prescribed blood pressure medication anyway.

By September 27, 2004, after he had completed the treatment for the boil, the plaintiff's eye irritation and headaches worsened. Plaintiff asked to see a specialist to determine why he was on blood pressure medication, but his request was denied. The plaintiff asserts that his request to discontinue the blood pressure medication was denied. The plaintiff also speculated that his symptoms might be attributable to lead poisoning. Finally, the plaintiff asserts that he has not had adequate access to the legal room. The plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust

5

administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety,

6

pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. <u>Jones Bey v. Johnson</u>, No. 03-2331, slip op. at 4-7 (6th Cir. Apr. 27, 2005).[6]

Rather than await the disposition of this case, plaintiff filed a second, identical complaint, <u>Bonds v. Shelby County, et al.</u>, No. 05-2026-D/P (W.D. Tenn. May 18, 2005). On May 11, 2005, the Court reviewed that complaint and entered an order dismissing plaintiff's claims without prejudice due to his failure to exhaust administrative remedies.[7]

---

[6] This opinion, which will be published in the Federal Reporter, is not yet available on WESTLAW.

[7] In that case, plaintiff attached a copy of Grievance No. 096272, filed on or about September 29, 2004 in which he complained that he asked to see Dr. Stipanuk because he believed he was suffering from lead poisoning but two unknown nurses apparently would not let him do so. The matter was found grievable on October 6, 2004. The first-level response, which was dated October 15, 2004, stated that, "according to the Medical Department, your concern has been addressed" and invited him to submit a health-care request if he had further symptoms. Plaintiff appealed, and his appeal was denied on the basis of a memorandum written by defendant Cooper and dated November 16, 2004, which stated, in pertinent part, that "[r]eview of inmate Peeple's medical records show that he has been seen by medical providers and his immediate medical concerns have been addressed. At present there is no indication for any additional treatment or testing to be performed." The Court determined that the plaintiff exhausted his claim against defendant Stipanuk for failing to test him for lead poisoning.

Plaintiff also attached a copy of Grievance No. 096962, filed on or about September 29, 2004 in which he alleged that defendant Summers provided him with blood pressure medication even though he did not have high blood pressure. The grievance also mentioned the plaintiff's theory that he has lead poisoning. The matter was deemed nongrievable on October 6, 2004. The explanation for that decision was plaintiff's failure to submit a health care request form allowing the Medical Department the opportunity to address the issue prior to filing the grievance. To the extent the plaintiff submitted health care request forms after receiving that response, there is no indication that the plaintiff filed any subsequent grievance or otherwise exhausted his administrative remedies on these matters.

Plaintiff attached a copy of Grievance No. 096970, filed on or about September 29, 2004, in which he complained that he was not permitted to use the law library on September 21 and 28. The matter was deemed nongrievable on or about October 6, 2004. The legible portion of the response to the grievance states that the plaintiff can request legal materials and the paralegal will get them for him. Plaintiff demonstrated that he exhausted the available

7

The present complaint is more deficient that Case No. 05-2026-D/P, however, because plaintiff only attached a copies of Grievance No. 096962 and Grievance 096970. As previously determined, the issues raised in Grievance No. 096962 were unexhausted. Plaintiff did not attach a copy of Grievance No. 096272, regarding the lead poisoning. Furthermore, he did not fully exhaust his administrative remedies on that claim until November 16, 2004. Plaintiff filed this complaint on October 28, 2004. Plaintiff's attempt to exhaust his remedies during the pendency of this action is not permitted. Freeman, 196 F.3d at 645. Furthermore, as with Case No. 05-2026-B/D, plaintiff has not demonstrated the exhaustion of any claims against Luttrell and Cooper as required by Moorer, 83 Fed. Appx. at 772; Thomas v. Woolum, 337 F.3d at 733-34; and Curry, 249 F.3d at 504, or his claim that jail officials refused to let him discontinue the blood pressure medication.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte."

---

administrative remedies with respect to this claim.

Several other aspects of plaintiff's complaint were not exhausted. Plaintiff failed to exhaust his claims concerning defendants Luttrell and Cooper, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. Second, there was no indication that plaintiff attempted to exhaust his claim that Jail officials refused to let him discontinue the blood pressure medication.

Accordingly, although plaintiff had exhausted his claims concerning the failure to test him for lead poison and access to the law library, the complaint contained unexhausted claims and was dismissed pursuant to Jones Bey.

8

Baxter, 305 F.3d at 489.[8]  Accordingly, the Court DISMISSES the plaintiff's complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

---

[8]  As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

9

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[9] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this __31__ day of May, 2005.

_/s/ Bernice Bouie Donald_
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[9] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:04-CV-02879 was distributed by fax, mail, or direct printing on June 7, 2005 to the parties listed.

---

Robert Bonds
03135616
201 Poplar Ave.
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT